UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUN 1 4 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-202-GWU

PAMELA JACKSON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Jackson

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

> pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Pamela Jackson, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of osteoarthritis, a hiatal hernia with gastroesophageal reflux disease, mitral valve prolapse, a history of supraventricular tachycardia (status post ablation), and a generalized anxiety disorder. (Tr. 20). Nevertheless, the ALJ determined that the plaintiff retained the residual functional capacity to perform a full range of medium work, and, based in part on the testimony of a vocational expert (VE), found that the plaintiff could return to her past relevant work as a janitor. (Tr. 20-4). The Appeals Council declined to review, and this action followed.

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The procedural background of the case is, in pertinent part, that the plaintiff filed an application for SSI on January 20, 1988, which was denied in a decision by an ALJ on June 28, 1989. (Tr. 38-44). In this decision, she was found to be capable of performing a full range of sedentary level work. (Tr. 43). Her earnings record shows that the plaintiff returned to work in 1989, and earned $6,888.46 in 1992 (Tr. 70), as a janitor at a truck stop (Tr. 74, 528-9). At some point, another application for SSI was filed, and denied in a decision by an ALJ on July 11, 1997, but according

7

to the ALJ in the present case, the 1997 decision could not be located. (Tr. 16-17). The current ALJ noted that he was bound by the decision in <u>Drummond v. Commissioner of Social Security</u>, 123 F.3d 837 (6th Cir. 1997) by the findings of a prior ALJ unless the Commissioner could show that there had been improvement in the plaintiff's condition. Therefore, he used the 1989 ALJ decision as a point of reference, and found that the plaintiff had experienced a significant improvement in her medical condition which allowed her to perform medium level work. (Tr. 17).

The plaintiff does not contest the residual functional capacity finding on appeal, and a review of the medical evidence shows that the ALJ's findings were supported by opinions from state agency reviewers who determined that the plaintiff was capable of medium level exertion without restrictions (Tr. 324-41, 359-66) and did not have a "severe" mental impairment (Tr. 344, 367). No other sources gave greater restrictions.

The plaintiff's position is that the record considered by the ALJ was incomplete because he ordered the removal of certain exhibits, numbered C23F through C33F, at the administrative hearing. (Tr. 433-43, 523). The plaintiff asserts that this medical evidence "could have shed light on the period between 1989 and current claim." <u>Plaintiff's Motion for Summary Judgment</u>, Docket Entry No. 25, p. 4. However, the contested evidence was not submitted to the Appeals Council, and is not attached to the plaintiff's brief, either, so any effect it might have had on the decision is purely speculative. As the Commissioner points out, for a remand under

Jackson

Sentence Six of 42 U.S.C. Section 405(g), new evidence must be both "new" and "material," and the plaintiff must show "good cause" for failing to incorporate it in the prior preceding. The party seeking a remand bears the burden of showing that these factors are satisfied. Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). The plaintiff has not made any showing of "materiality" as there is nothing available to review.[1]

The plaintiff argues, however, that her motion for remand should be considered under Sentence Four of 42 U.S.C. Section 405(g), rather than Sentence Six. Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment, Docket Entry No. 28, p. 2. As justification for this, she states that "once the ALJ found that there was new and material evidence warranting a change since the 1989 RFC, the period at issue was from the date of issuance of the 1989 decision through the date of the current ALJ decision [and a]ccordingly, any evidence proffered by the claimant during this time period was admissible." Id. (emphasis added).[2]

---

[1] The plaintiff would meet the "good cause" prong because, obviously, she did proffer the evidence to the ALJ.

[2] The Sixth Circuit has recently noted that Section 405(g) states that "'[a]s part of the Commissioner's answer, the Commissioner of Social Security shall file a certified copy of the transcript of the record upon which the findings and decision complained of are based,'" and that "if a court concludes that a reconstructed record is not the full and complete record upon which the agency based its decision, it may reverse this decision in light of the Commissioner's failure to provide the materials necessary for the court to satisfy its statutory obligation.... Upon reversing a decision that the agency rendered

9

Jackson

As a preliminary matter, the Court notes that the plaintiff has not even made a threshold showing that the proffered evidence was from the time period from after 1989. The only indication of what the records might have been was the ALJ's statement at the administrative hearing that "I will not admit records that I don't consider relevant and adjudicated before, or just years before her alleged onset date this time." (Tr. 523). Even assuming for the sake of argument that the plaintiff is correct and all medical evidence following the 1989 ALJ decision is admissible, the Court has no way of knowing that the removed exhibits were from this period.

Another factor weighing against the plaintiff's position is that she was represented by her current law firm at the time of the hearing (Tr. 34), and her attorney made no objection to the removal of the exhibits (Tr. 523).

Furthermore, the plaintiff's assertion that <u>any</u> evidence following the 1989 ALJ decision was, presumably, relevant, is undermined by several factors, including the fact that the plaintiff returned to work at a medium level job for several years following 1989, as well as the fact that the plaintiff alleged an onset date in her current application of either 2000 (Tr. 73) or the protective filing date of her application, June 17, 2002 (Tr. 82). Evidence of the plaintiff's medical condition

---

unreviewable, the court could then order a remand under the authority of sentence four, so that the agency could include the omitted evidence in the reconstructed record."
<u>Hollon v. Commissioner of Social Security</u>, 447 F.3d 477, 484 n. 8 (6th Cir. 2006). The plaintiff in the present case does not allege that the ALJ made his decision based on the omitted materials, however.

10

Jackson

while she was performing substantial gainful activity more than 10 years prior to her alleged onset date would be of extremely limited, if any, value. Also, the plaintiff could not have been awarded SSI benefits prior to the protective filing date. Even medical evidence showing that the plaintiff was not capable of performing substantial gainful activity prior to that date could not result in a favorable decision. Therefore, all potential medical evidence is not automatically relevant to the current decision, and the plaintiff's position must fail.

In summary, the plaintiff has not that the requirements for either a Sentence Four or a Sentence Six remand.

The decision will be affirmed.

This the _14_ day of June, 2006.

_G. Wix Unthank_
G. WIX UNTHANK
SENIOR JUDGE

11